# EXHIBIT M

to

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**Civil Action No.: 1:10-cv-00986-JFA**

*Letter from Milanes ordering Hearing Panel to reconsider its decision*



October 7, 2010

Mr. Ernie Nauful, Esquire
185 Preserve Lane
Columbia, SC 29209-1231

RE: Margo J Hein-Muniz, MD Peer Review Hearing

Dear Mr. Nauful:

Enclosed is the request for appeal submitted by Dr. Margo Muniz and a response from the Medical Executive Committee asking to reconsider this matter as set forth in Dr. Muniz's letter. Please resubmit this matter to the Hearing Panel and prepare a revised report as soon as possible

Very truly yours,

Carlos Milanes
Chief Executive Oddicer

cc:  Thornwell Sowell, Esquire
     Celeste Jones, Esquire
     Francis DiBona, MD

302 University Parkway • Aiken, SC 29801
803-641-5000                                            www.aikenregional.com

*Accredited by the Joint Commission on Accreditation of Healthcare Organizations*    *2005 UHS Service Excellence Award Winner*



October 7, 2010

Mr. Carlos Milanes, CEO
Aiken Regional Medical Centers
302 University Parkway
Aiken, South Carolina  29801

RE: Margo J Hein-Muniz, MD Peer Review Hearing

Dear Mr. Milanes:

The MEC has received the October 4, 2010 letter from counsel for Dr. Muniz requesting an appeal as provided in the Medical Staff By-Laws, Section 7.E.1 and 7.E.2.

The MEC reserves all its rights to submit its written statement as to all issues raised pursuant to 7.E.4 following the Chairperson of the Board setting the schedule for the appeal and Dr. Muniz submits her statement.

At this time , however, the MEC responds to the first ground raised by Dr. Muniz in her request for appeal which states, " (1) The Hearing Panel made its recommendation based on an incorrect burden of proof standard…"  The MEC agrees that the burden of proof at the hearing was on the MEC irrespective of the bylaw provision at Section 7.D.2. Therefore the MEC requests that the Hearing Panel review and reconsider this matter based upon the agreed upon burden of proof standard and issue a revised report thereon.

Very truly yours,

Francis DiBona, MD
Chief of Staff


cc:  Thornwell Sowell, Esquire
     Celeste Jones, Esquire
     Ernie Nauful, Esquire

302 University Parkway • Aiken, SC 29801
803-641-5000                                                                                                         www.aikenregional.com





**DAVID DICK**
Direct Dial 803 255.8036
Direct Fax 803 231.7867
Email ddick@sowellgray.com

October 4, 2010

**VIA HAND-DELIVERY AND CERTIFIED MAIL**
Mr. Carlos Milanes, CEO
Aiken Regional Medical Centers
302 University Parkway
Aiken, South Carolina 29801

RE:   Margo J. Hein-Muniz, MD Peer Review Hearing
      Our File No.: 5925/1503

Dear Mr. Milanes:

Dr. Muniz has reviewed the report and recommendations of the Hearing Panel, and requests an appeal as provided for in the Medical Staff Bylaws, Sections 7.E.1 and 7.E.2. We believe that the Hearing Panel was outside of its authority when it made the finding that Dr. Muniz's privileges should be terminated.

The recommendations of the Hearing Panel were flawed in the following respects: (1) The Hearing Panel made its recommendations based on an incorrect burden of proof standard, and thus Dr. Muniz was not provided a fair hearing; (2) the Presiding Officer was biased and unduly influenced the Hearing Panel so as to provide an unfair hearing; (3) the Hearing Panel's decision was arbitrary and capricious, and the hearing unfair, because it was based on issues and witnesses not properly noticed to Dr. Muniz; and (4) the recommendations of the Hearing Panel were arbitrary, capricious, and not supported by credible evidence.

The Hearing Panel erroneously based its recommendations on the burden of proof standard found in the Medical Staff Bylaws, and not on the one specifically stipulated in the pre-hearing conference and confirmed in the hearing itself. Section 7.D.2 of the Medical Staff Bylaws provides that, "the Hearing Panel shall recommend in favor of the Medical Executive Committee unless it finds that the individual who requested the hearing prove, by clear and convincing evidence, that the recommendation that prompted the hearing was arbitrary, capricious, or not supported by credible evidence." However, the MEC, Dr. Muniz, and the Hearing Officer all agreed in the pre-hearing conference that the burden would be on the MEC to prove the charges against Dr. Muniz. This was further confirmed by the Hearing Officer on the record at the beginning of the trial: "In our pre-

October 4, 2010
Page 2

hearing conference we also reached an agreement, stipulation, that the burden of proof in this matter is on MEC irrespective of what the bylaws may state."[1] It is clear that the burden was on the MEC to prove its case, regardless of what the bylaws provide. However, the hearing panel erroneously concluded in its report that "Section 7.D.2 of the Credentialing Policy establishes the basis of any Hearing Panel recommendation . . . ."[2] Because the Hearing Panel based its recommendations on an incorrect burden of proof standard, all of the recommendations are invalid and should be reversed by the Board of Governors.

According to Section 7.B.5(b)(1), "[t]he Presiding Officer shall not act as an advocate for either side at the hearing." During the hearing, the Presiding Officer was clearly biased in favor of the MEC. The record reveals that his questions and remarks were aimed to advance the position of the MEC, and on information and belief, he was an advocate for the MEC's position in the deliberations of the Hearing Panel. Accordingly, the hearing was not in compliance with the Medical Staff Bylaws, and the recommendations of the Hearing Panel should be reversed.

Section 7.B.1 of the Medical Staff Bylaws provides that the CEO must afford a physician special notice of a recommendation, "a statement of the recommendation and the general reasons for it." Additionally, Section 7.B.3(4) provides the notice must include "a statement of the **specific** reasons for the recommendation."[3] Both of the hearing notice letters from CEO, Carlos Milanes, provided, "you attended to the patient who presented to Labor and Delivery thirty (30) weeks pregnant, and in pain. You gave inappropriate medication, and while fetal strips identified the baby in distress, treatment was delayed for two (2) hours. You failed to recognize an emergent situation. See, medical record #227589."[4] The Hearing Panel based many of its recommendations on issues that were not noticed to Dr. Muniz, including: "Practitioner lacked candor in dealing with her peer"; inconsistent "post-incident entries"; "Practitioner asserted it was the patient's desire to be transferred prior to delivery"; "Practitioner exercised poor judgment in both contemporaneous medical entries and more specifically in the statement she submitted to the MEC"; and "Practioner's decisions to leave the hospital . . . demonstrates poor clinical judgment."[5] Not only were these charges not specifically noticed to Dr. Muniz as required by Section 7.B.3(4), they were never noticed at all.

---

[1] Peer Review Committee Hearing Transcript, Vol. 1, 5:17-18
[2] Report of the Hearing Panel, p. 2.
[3] Emphasis added.
[4] See Medical Executive Committee Exhibits 11 & 13 from the Peer Review Hearing of June 28, 2010.
[5] Report of the Hearing Panel, p. 2-3.

October 4, 2010
Page 3

Additionally, Section 7.B.3(4) provides that "[t]his statement [of charges] may be revised or amended at any time, even during the hearing, so long as the additional material is relevant to the recommendation or the individual's qualifications." However, the MEC never revised or amended its specific reasons for the recommendation even after the hearing began. Thus, the recommendations of the Hearing Panel are based on reasons never properly noticed to Dr. Muniz, and the Board of Governors should reverse these recommendations.

Section 7.B.3(2) provides that the hearing notice must also present a "proposed list of witnesses who will give testimony." Section 7.B.4 also provides that 15 days prior to the pre-hearing conference the parties must submit their list of proposed witnesses. All of the issues related to witnesses and objections are dealt with at the pre-hearing conference.[6] Despite ample opportunities to provide Dr. Muniz notice of the MEC's witnesses, the MEC never gave Dr. Muniz notice that the mother of the patient would be called as a witness. Thus, it was inappropriate to allow the mother of the patient to testify and in violation of the Medical Staff Bylaws. For this reason, the Board of Governors should reverse the recommendations of the Hearing Panel.

In addition to the flawed procedural issues of the hearing, the recommendations of the Hearing Panel were arbitrary, capricious, and not supported by credible evidence. Specifically, the record will show that: (1) Dr. Muniz did **not** lack candor in dealing with her peers; (2) Dr. Muniz did **not** assert, during her cross-examination questions or her testimony, that the patient had refused a cesarean section; (3) Dr. Muniz's post-incident entries were **not** inconsistent with other evidence; (4) the greater weight of evidence indicates that the patient had a desire to be transferred, and either way the issue had absolutely no bearing on the outcome of the case; (5) Dr. Muniz did **not** exercise poor judgment in her contemporaneous or post-incident entries; (6) Dr. Muniz's decision to leave the hospital was warranted and did **not** demonstrate poor clinical judgment; and (7) the greater weight of evidence from experts does **not** indicate that the patient should have been sectioned much sooner.

Dr. Muniz specifically reserves the right to submit a written statement in support of her position on appeal as provided for in Section 7.E.4 of the Medical Staff Bylaws.

---

[6] Medical Staff Bylaws, Section 7.C.2.

October 4, 2010
Page 4

Very truly yours,

*[signature]*

Thornwell F. Sowell
TFS:sha

cc:   Celeste Jones, Esquire

**RECEIVED:**

_____          10/4/10
Carlos Milanes                                 Date