# EXHIBIT U
## to

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**Civil Action No.: 1:10-cv-00986-JFA**

*Report of the NPDB*

National Practitioner Data Bank
Healthcare Integrity and Protection Data Bank
P.O. Box 10832
Chantilly, VA 20153-0832

Process Date: 02/03/2011
Print Date: 03/09/2011

http://www.npdb-hipdb.hrsa.gov

# ADVERSE ACTION REPORT

## TITLE IV CLINICAL PRIVILEGES ACTION

### Report Number: 5500000066645440

### This report is maintained under the provisions of:

### [X] Title IV (NPDB) [ ] Section 1921 (NPDB) [ ] Section 1128E (HIPDB)

The information contained in this report is maintained by the National Practitioner Data Bank for restricted use under the provisions of Title IV of Public Law 99-660, as amended; and 45 CFR Part 60. All information is confidential and may be used only for the purpose for which it was disclosed. Disclosure or use of confidential information for other purposes is a violation of Federal law. For additional information or clarification, contact the reporting entity identified in Section A.

## A. REPORTING ENTITY

| | |
|---|---|
| **Entity Name:** | AIKEN REGIONAL MEDICAL CENTERS |
| **Address:** | 302 UNIVERSITY PKWY |
| **City, State, ZIP:** | AIKEN, SC 29801 |
| **Country:** | |

**Entity Internal Report Reference :**

| | |
|---|---|
| **Name or Office:** | Terri Ergle |
| **Title or Department:** | MEDICAL STAFF COORDINATOR |
| **Telephone:** | (803) 641-5197 |
| **Type of Report:** | INITIAL |
| **Status of Report:** | ACTIVE |

## B. SUBJECT IDENTIFICATION INFORMATION (INDIVIDUAL)

**Subject Name:**   MUNIZ, MARGO J

**Other Name(s) Used:**

| | |
|---|---|
| **Gender:** | FEMALE |
| **Date of Birth:** | 09/02/1965 |
| **Organization Name:** | |
| **Work Address:** | 410 UNIVERSITY PARKWAY SUITE 2300 |
| **City, State, ZIP:** **Country:** | AIKEN, SC 29801 |
| **Home Address:** | 170 WATERS EDGE DR. |
| **City, State, ZIP:** **Country:** | AIKEN, SC 29803 |
| **Deceased:** **Date of Death:** | UNKNOWN |
| **Social Security Numbers (SSN):** | \*\*\*-\*\*-5330 |
| **Drug Enforcement Administration (DEA) Numbers:** | BH6453079 |
| **Professional School(s) & Year(s) of Graduation:** | SOUTHERN ILLINOIS UNIVERSITY SCHOOL OF M (1997) SOUTHERN ILLINOIS UNIVERSITY SCHOOL OF M (1999) RICHLAND MEMORIAL HOSPITAL, COLUMBIA, SC (2001) |
| **Occupation/Field of Licensure (Code):** | PHYSICIAN (MD) (010) |
| **State License Number, State of Licensure:** | 22170, SC |
| **Other, as Specified:** | |

**AFFILIATES OR ASSOCIATES OF SUBJECT**

| | |
|---|---|
| **Name:** | AIKEN REGIONAL MEDICAL CENTERS |
| **Address:** | 302 UNIVERSITY PARKWAY |
| **City, State, ZIP:** **Country:** | AIKEN, SC 29801 |
| **Nature of Subject's Relationship to** | SUBJECT HAS CLINICAL PRIVILEGES WITH |

| | |
|---|---|
| **Affiliate:** | AFFILIATE OR ASSOCIATE (350) |
| **Other Description:** | |

## C. INFORMATION REPORTED

| | |
|---|---|
| **Type of Adverse Action:** | TITLE IV CLINICAL PRIVILEGES |
| **Basis for Action or Finding:** | OTHER - NOT CLASSIFIED, SPECIFY (99) |
| **Other, as Specified:** | DELAY IN TREATMENT, POOR CLINICAL JUDGEMENT, LACK OF CANDOR |
| **Adverse Action Classification Code:** | REVOCATION OF CLINICAL PRIVILEGES (1610) |
| **Other, as Specified:** | |
| **Date Action Was Taken:** | 01/12/2011 |
| **Date Action Became Effective:** | 01/18/2011 |
| **Length of Action:** | PERMANENT |
| **Description of Subject's Act(s) or Omission(s) or Other Reasons for Action(s) Taken and Description of Action(s) Taken by Reporting Entity:** | PRACTITIONER, WHILE UNDER 100% CASE REVIEW AS A RESULT OF PRIOR PROFESSIONAL REVIEW ACTION, ATTENDED TO PATIENT WHO WAS 30 WEEKS GESTATION, WITH RESULTING INFANT DEATH. PRACTITIONER'S PRIVILEGES WERE SUSPENDED. MEDICAL EXECUTIVE COMMITTEE RECOMMENDED SUSPENSION AND REVOCATION OF PRIVILEGES. PRACTITIONER REQUESTED HEARING HEARING WAS HELD. HEARING PANEL CONCLUDED.: PRACTITIONER LACKED CANDOR IN DEALING WITH HER PEERS REARDING CASE UNDER REVIEW; PRACTITIONER EXERCISED POOR JUDGEMENT IN BOTH CONTEMPORANEOUS MEDICAL RECORD ENTRIES AND IN STATEMENTS SUBMITTED TO MEDICAL EXECUTIVE COMMITTEE; PRACTITIONER'S DECISION TO LEAVE HOSPITAL WHEN THERE WAS FETAL DISTRESS AND SUGGESETION OF PLACENTAL ABRUPTION DEMONSTRATED POOR CLINICAL JUDGMENT; GREATER WEIGHT OF THE EVIDENCE WAS THAT PATIENT SHOULD HAVE BEEN SECTIONED MUCH SOONER; DELAY DEMONSTRATED POOR CLINICAL JUDGEMENT. PANEL RECOMMENDED TERMINATION OF PRACTITIONER'S PRIVILEGES. PRACTITIONER APPEALED TO HOSPITAL'S BOARD OF GOVERNORS. BOARD UPHELD RECOMMENDATION OF MEDICAL EXECUTIVE COMMITTEE AND HEARING PANEL AND PRIVILEGES HAVE BEEN TERMINATED. |

## D. SUBJECT STATEMENT

If the subject identified in Section B of this report has submitted a statement, it appears in this section.

**Date Submitted:**                03/09/2011

The termination of Dr. Muniz's privileges at ARMC was motivated by political and economic factors and not by her clinical or professional ability. Not one expert testified at the peer review hearing that Dr. Muniz had not met the standard of care. The MEC admitted that this incident involved a very difficult case, which revolved around an unknown out-of-town patient who was 30 weeks gestation and presented to the emergency department. Dr. Muniz was on emergency call, and attended to the patient. There were no clinical symptoms of abruption. Mainly, there was no vaginal bleeding, a soft abdomen, and no pain on palpation of the abdomen. Out of an abundance of caution, an ultrasound was obtained and indicated an abruption. Dr. Muniz moved quickly to deliver via cesarean section. The fetus was stillborn, and clearly suffered from prolonged anoxic brain damage. The acts and omissions of ARMC and Dr. Muniz's competitors make it clear that the peer review actions were motivated by economic and political objectives. The violations by ARMC of their own Medical Staff Bylaws, HQCIA, and due process are further evidence of the improper peer reviews. Dr. Muniz had worked at ARMC without incident for eight years, until she applied for privileges at two competing hospitals. Immediately Dr. Muniz was charged with 5 frivolous peer review cases. The cases proceeded to a peer review hearing where Dr. Muniz was cleared of the charges by ARMC's own hearing panel. ARMC then demanded that Dr. Muniz see a psychiatrist on allegations of disruptive behavior. Dr. Muniz agreed and was evaluated by a psychiatrist chosen by ARMC. This psychologist issued a report that unequivocally asserted that Dr. Muniz did not suffer from any disruptive behavior issues. Finally, Dr. Muniz was again subjected to a peer review action for the above discussed case, and her privileges terminated. In the most current peer review action, two of the three prosecuting doctors on the MEC were direct competitors of Dr. Muniz. At least two of the prosecuting physicians for the MEC at the hearing panel level were also directly involved in the appellate level and the Board of Governors level. No competitor of Dr. Muniz ever recused themselves from the peer review process. The MEC never talked to the only other physician involved in the case who had first hand knowledge of the case, and who testified that Dr. Muniz met the standard of care and had done nothing wrong. Every expert at the peer review testified that Dr. Muniz had met the standard of care. The allegation by the MEC was that Dr. Muniz had delayed for two hours in the treatment of this patient. However, the MEC's own expert Dr. Minassian wrote in his report, "The diagnosis of abruption was suspected immediately and the obstetrician acted rapidly to confirm it. The fetal heart rate had recovered from bradycardia and allowed for this short amount of time to confirm the diagnosis. Once confirmed she moved to delivery rapidly, as well." Additionally, expert Dr. Thorp a board certified OB/GYN and maternal fetal medicine expert, testified, "I'm not sure I would have done the Cesarean section any quicker than they -- they -- than they did it. In fact, I'm not sure I would have done it as quick as they did it." At no point did ARMC offer any remedial remedies, but rather moved directly to termination, despite Dr. Muniz's clean past record. Please contact Dr. Muniz for a more detailed account of the events, and documents supporting this statement.

## E. REPORT STATUS

Unless one or more boxes below are checked, the subject of this report identified in Section B has not contested this report.

[ ] If box is checked, this report has been disputed by the subject identified in Section B.
[ ] If box is checked, at the request of the subject identified in Section B, this report is being reviewed by the Secretary of the U.S. Department of Health and Human Services to determine its accuracy and/or whether it complies with reporting requirements. No decision has been

reached.

[ ] If box is checked, at the request of the subject identified in Section B, this report was reviewed by the Secretary of the U.S. Department of Health and Human Services. The Secretary's decision is shown below:

Date of Original Submission:        02/03/2011
Date of Most Recent Change:         02/03/2011

## END OF DOCUMENT

**CONFIDENTIAL DOCUMENT - FOR AUTHORIZED USE ONLY**

[Return to Report Response Options]   [Log Out]